**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| JESUS MIGUEL SAENZ,<br><br>        Petitioner,<br><br>   v.<br><br>UNNAMED,<br><br>        Respondent. | Case No. CV 20-06126-GW (AS)<br><br>**ORDER OF DISMISSAL** |

**I.   INTTRODUCTION**

On July 7, 2020, Jesus Miguel Saenz ("Petitioner"), a California state prisoner proceeding pro se, filed a one-page motion for an extension of time to file a petition for writ of habeas corpus ("Motion"). (Docket Entry No. 1). Petitioner seeks an extension "because my time to file is almost here." Id.

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(c). However, Petitioner does not identify or allege any claims that he intends to raise in any petition filed in this Court. Thus, the Court is unable to

determine whether Petitioner intends to raise claims that are even cognizable on federal habeas review and whether Petitioner might be entitled to statutory tolling and/or equitable tolling of the AEDPA statute of limitations.

Since Petitioner does not state a claim for relief under 28 U.S.C. § 2254, denial of the Motion is warranted.[1]

**II. ORDER**

ACCORDINGLY, IT IS ORDERED that the Motion be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 13, 2020

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner may assert any argument for statutory and/or equitable tolling in any federal habeas petition he chooses to file, if necessary.

However, a motion for an extension of time to file a federal petition for writ of habeas corpus, standing alone, is insufficient to toll the one-year statute of limitations. Hardaway v. Davis, 684 Fed.Appx. 444 (5th Cir. 2017); see also Wiggins v. Ducart, 2017 WL 1063882, *1-*2 (E.D. Cal. Mar. 20, 2017)(the timeliness of a federal habeas petition is determined based on the date that a petition is filed and not on the date a motion for an extension of time is filed).

2